**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 08-3258 |
| RITA OBODOECHINA and MOTHERCARE, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The defendants in this insurance coverage case are an individual, Rita Obodoechina, and a business entity, Mothercare. The plaintiff, Mount Vernon Fire Insurance Company, seeks a judgment that it owes the defendants no duty to defend or indemnify them in a lawsuit filed against them in state court, and rescinding the insurance policy.

Ms. Obodoechina has filed an answer on her own behalf and on behalf of Mothercare. The declaratory judgment plaintiff, Mount Vernon Fire Insurance Company, has moved for entry of default and for default judgment as to Mothercare. The basis is that Mothercare did not file a timely answer. (Docket Entry No. 7). Ms. Obodoechina filed an answer on behalf of Mothercare in the form of a general denial, and responded to the motion for default by stating that she believed the answer was sufficient. (Docket Entries No. 8, 9). Mount Vernon Fire Insurance Company replied and moved to strike the answer. Mount Vernon argues that Ms. Obodoechina may not appear on behalf of Mothercare, a business entity, because she is not a licensed attorney.

Mount Vernon is correct that under the governing law, only a lawyer may represent a business in federal court. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), citing *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Southwest Express Co. v. ICC,* 670 F.2d 53, 55 (5th Cir.1982). Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney. *Rowland,* 506 U.S. at 202, 113 S.Ct. 716.

When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.

Accordingly, this court instructs Mothercare that it may not proceed pro se in this case and that it must be represented by licensed counsel. The answer filed by Ms. Obodoechina is stricken. Mothercare may have until March 27, 2009, to have licensed counsel enter an appearance on its behalf. If Mothercare fails to do so, default judgment may be entered.

The initial pretrial conference is reset to **March 27, 2009, at 8:45 a.m.**

SIGNED on February 19, 2009, at Houston, Texas.

                                              _____
                                                           Lee H. Rosenthal
                                                     United States District Judge